**NATIONAL LABOR RELATIONS BOARD
v. RUSSELL MFG. Co., Inc., et al.**

No. 13104.

United States Court of Appeals
Fifth Circuit.

Feb. 9, 1951.

Rehearing Granted May 10, 1951.

See 187 F.2d 336.

---

Arnold Ordman, Attorney, A. Norman Somers, Asst. General Counsel, David P. Findling, Associate General Counsel, National Labor Relations Board, all of Washington, D. C., for petitioner.

John Wesley Weekes, Decatur, Ga., Richard H. Cocke, J. Sanford Mullins, Alexander City, Ala., for respondent.

Before HOLMES, BORAH, and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This case is before the court on petition of the National Labor Relations Board, seeking enforcement of its order against the respondents, directing both the corporate and individual respondents to cease and desist from certain unfair labor practices and to post notices to that effect. The order further directed the corporate respondents to reinstate and make whole certain former employees; and to reinstate two employees to their position from which they were alleged to have been demoted and make them whole for any loss of pay that may have been suffered by them.

█ The Board found that both the corporate and individual respondents had separately violated Section 8(1) of the Act[1] by interfering with, restraining, and coercing the Russell Mills employees in the exercise of their self-organizational and collective bargaining rights guaranteed by Section 7; that the individual respondents were acting, with regard to their anti-union activities, as agents of the corporate respondents, and as such, made not only the corporate respondents liable for their acts, but made themselves employers within the meaning of Section 2(2) of the Act, and subject to the Board's sanctions; that the corporate respondents had violated Section 8(2) by dominating the plant-recreation committee, so as to make it a company dominated union within the meaning of the Act; that the corporate respondents violated Section 8(3) of the Act by discriminating against seven of their employees with respect to the terms and conditions of their employment. Considering the record

as a whole, there is substantial evidence to support the Board's findings except that part which found the individual respondents to be agents of the corporate respondents.

The term "employer" is defined in the Act to include any person acting in the interest of an employer, directly or indirectly, but does not include the United States, or any State or political subdivision thereof. In order to make the individual respondents subject to the sanctions of the Board, it is necessary to bring them within the purview of Section 8(2), which defines the term "employer." If the individual respondents were not agents of the corporate respondents, or did not act in their interest with their knowledge and consent, expressly or impliedly, then they are not employers or persons acting in the employer's interest within the meaning of the Act, and the Board is powerless to issue an order directed against them.

█ This court has held that, in order to become subject to the processes of the Act, the person acting in the interest of the employer, directly or indirectly, must be under his control and direction, or under his orders, or, if his acts are unauthorized, they must come to the knowledge of the employer and receive his approval or ratification, either expressly or impliedly. See N. L. R. B. v. Tex-O-Kan Flour Mills, 5 Cir., 122 F.2d 433. A person acting in the interest of the employer must be one who in fact and law may properly be termed his agent. The basic inquiry must be as to the control of the principal over the agent, the agent's authority or control over the matter entrusted to him, the agent's acts authorized or unauthorized, and whether those acts came to the knowledge of the principal and received his ratification. The mere fact that the principal has received or enjoyed the benefits of the unauthorized act will not amount to a ratification if he did so in ignorance of the facts.

█ The three individual respondents were all residents of the community in which the corporate respondents were lo-

1. National Labor Relations Act, 49 Stat. 449, as amended by 61 Stat. 136, 29 U.S.C.A. § 151 et seq.

298

cated. Respondent Alford was employed as a salaried collector of delinquent accounts for a local finance company, and from time to time acted as a police informer and process server. Respondent Horton was Chief of Police, a job which he had occupied for about twenty-seven years. Respondent Mann was a member of the local police department. We cannot find substantial support for the Board's ruling in regard to these individual respondents. The findings and conclusions thereon are based on hearsay, suspicion, and speculation, not on substantial facts and legal evidence. There is no evidence in the record that these individual respondents were employed by the corporate respondents; that they had any authority to act for the corporate respondents, that the corporate respondents had any knowledge of their acts; or that the corporate respondents had any control or authority over the individual respondents.

The order of the Board with reference to the corporate respondents should be, and hereby is, enforced; but, with reference to the individual respondents, the order is invalid, and petition for enforcement thereof is denied.